Coös,  
April 6, 1915.

ARTHUR W. WALTERS, *Adm'r*, *v.* JOSEPH F. BELL *& a.*

The proceeds of property sold on execution are to be distributed in satisfaction of existing liens in the order of their priority.

Where the proceeds of an execution sale of mortgaged property exceed the sum required to satisfy the claim of the judgment creditor, the refusal of the officer to deliver the goods until the purchaser has applied the balance in his hands upon the mortgage debt is not ground for a rescission of the sale.

ASSUMPSIT.  Trial by jury and verdict for the plaintiff.  Transferred from the April term, 1914, of the superior court by *Sawyer*, J., on the defendants' exception to the denial of their motion for a directed verdict.  The action was brought by Martin Monahan in his lifetime and is now prosecuted by his administrator.

May 20, 1911, Patrick J. Martin mortgaged certain personalty to John S. Myers and subsequently executed a second mortgage of the same property to Lydia Martin.   May 9, 1913, the defendant Bell obtained judgment in a suit against Patrick and Lydia, and gave the execution to the defendant Drew, who was sheriff of the county, with instructions to levy upon the mortgaged property. Drew sold the property without making any reference to the mortgages in the printed notices or orally at the time of the sale.   When the property was sold Patrick J. Martin bid off the larger part of it, but being unable to pay the price, he arranged with Monahan to assume the purchase.

The property sold for $109 more than was required to satisfy the execution.   Monahan paid $372.20 in satisfaction of the execution, and the defendants permitted him to retain the balance of the purchase price, to be applied on the second mortgage held by Lydia Martin.   When Monahan demanded the property, Drew declined to deliver it unless the sum of $57 due on the Myers mortgage note was paid;  and this payment Monahan refused to make, although he had in his hands at that time $109 of the amount he agreed to pay for the property.

*Goss & James* and *Matthew J. Ryan* (*Mr. Goss* orally), for the plaintiff.

*Sullivan & Daley* (*Mr. Sullivan* orally), for the defendants.

YOUNG, J.   It is immaterial in so far as this case is concerned whether the plaintiff is or is not charged with Patrick's knowledge; for it is the rule that the proceeds of property sold on execution be distributed in satisfaction of the liens in the order of their priority. The right, and the only right, of either of the Martins in or to the proceeds of the property was the right to receive what remained after the Myers and Bell claims were satisfied.   Since this is so, it is of no consequence whether the defendants' agreement to permit Monahan to retain the $109 and apply it on Lydia's claim was intended as a gift to her, or was made by mistake.   In either case, it was an agreement she could enforce over the defendants' objection only in so far as she was entitled to the proceeds of the sale. It follows, therefore, that when Drew called on Monahan to pay the Myers claim, he should have paid it out of the money he was holding for Lydia;  that is, it was Monahan's duty to pay the Myers

claim and charge it to Lydia's account, and such a payment would have been an answer *pro tanto* to her claim against him.    There is no force, therefore, in the plaintiff's contention that Drew was attempting to defraud Monahan when he insisted on his paying the Myers claim; for so much of the purchase price remaining in his hands as was necessary to satisfy this claim in equity and good conscience belonged to Myers—not to Lydia or to Patrick.

*Exception sustained: judgment for the defendants.*

All concurred.